JACQUELINE TIRINNANZI, ESQ.
NV Bar No. 13266
jackie@tirinnanzilaw.com
2370 Corporate Circle, Suite 190
Henderson, Nevada 89074
Telephone: 702.912.3834

*Attorney for Peter Alexander Stincer*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PETER ALEXANDER STINCER,<br><br>Defendant. | CASE NO. 2:23-cr-00002-RFB-VCF<br><br>**Stipulation to Continue Sentencing (First Request)** |

IT IS HEREBY STIPULATED AND AGREED, by and between Jason M. Frierson, United States Attorney for the District of Nevada, and Jim Fang, Assistant United States Attorney, and Jacqueline Tirinnanzi, counsel for Defendant Peter Alexander Stincer, that the sentencing hearing currently scheduled for June 5, 2023, at 9:00 a.m. (ECF No. 102) is continued for no sooner than 60 days, to a date and time convenient to this Court. This stipulation is made and based upon the following:

1. Mr. Stincer entered a change of plea on February 16, 2023, pleading guilty to Count One of the Criminal Information, Conspiracy to Commit Mail Fraud in violation of 18 U.S.C. §1341. ECF Nos. 102, 103.

2. Sentencing is currently scheduled for June 5, 2023, at 9:00 a.m. ECF No. 102.

3. Probation is still in the process of obtaining relevant documentation necessary to Mr. Stincer's Presentencing Report and requires additional time to obtain said information. Defense counsel is also in the process of obtaining various documentation relevant to Mr. Stincer's sentencing memorandum and hearing.

4. Mr. Stincer is on release and does not oppose the continuance request.

5. This is the first request for a continuance of the sentencing hearing.

6. The additional time requested herein is sought in good faith and not for purposes of delay.

7. The additional time requested by this stipulation is reasonable pursuant to Fed. R. Crim. P. 32(b)(2), which states that the "court may, for good cause, change any time limits prescribed [for sentencing] in this rule." Furthermore, a delay in sentencing does not implicate or undermine the defendant's speedy trial rights under the United States Constitution, which terminated upon conviction. *See Betterman v. Montana*, 136 S.Ct. 1609, 1617-18 (2016).

8. Denial of this request for continuance would deny counsel for Mr. Stincer sufficient time to effectively and thoroughly prepare for sentencing, taking into account due diligence. Accordingly, a denial of this request for continuance could result in a miscarriage of justice.

Dated this 28th day of April 2023.

*/s/Jim Fang*___ _____  
Assistant U.S. Attorney  
Counsel for the United States

*/s/ Jacqueline Tirinnanzi*_____  
Counsel for Peter Alexander Stincer

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PETER ALEXANDER STINCER<br><br>Defendant. | CASE NO. 2:23-cr-00002-RFB-VCF<br><br>**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER** |

## FINDINGS OF FACT

Based on the pending stipulation of counsel, and good cause appearing therefore, the Court finds that:

1. Mr. Stincer entered a change of plea on February 16, 2023, pleading guilty to Count One of the Criminal Information, Conspiracy to Commit Mail Fraud in violation of 18 U.S.C. §1341. ECF Nos. 102, 103.

2. Sentencing is currently scheduled for June 5, 2023, at 9:00 a.m. ECF No. 102.

3. Probation is still in the process of obtaining relevant documentation necessary to Mr. Stincer's Presentencing Report and requires additional time to obtain said information. Defense counsel is also in the process of obtaining various documentation relevant to Mr. Stincer's sentencing memorandum and hearing.

4. Mr. Stincer is on release and does not oppose the continuance request.

5. This is the first request for a continuance of the sentencing hearing.

6. The additional time requested herein is sought in good faith and not for purposes of delay.

7. The additional time requested by this stipulation is reasonable pursuant to Fed. R.

Crim. P. 32(b)(2), which states that the "court may, for good cause, change any time limits prescribed [for sentencing] in this rule." Furthermore, a delay in sentencing does not implicate or undermine the defendant's speedy trial rights under the United States Constitution, which terminated upon conviction. *See Betterman v. Montana*, 136 S.Ct. 1609, 1617-18 (2016).

8. Denial of this request for continuance would deny counsel for Mr. Stincer sufficient time to effectively and thoroughly prepare for sentencing, taking into account due diligence. Accordingly, a denial of this request for continuance could result in a miscarriage of justice.

**ORDER**

Based upon the stipulation of the parties, and good cause appearing, it is hereby ORDERED that Mr. Stincer's sentencing hearing currently scheduled for June 5, 2023, at 9:00 a.m., be VACATED.

IT IS FURTHER ORDERED that the sentencing hearing is reset for **August 11, 2023 at 2:30 pm** before Judge Richard F. Boulware.

DATED this the 1st Day of May, 2023.

_____
THE HONORABLE RICHARD F. BOULWARE
UNITED STATES DISTRICT JUDGE